UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X
                                                    :
DORIS TSE, Ph.D.,                                   :
                                                    :
               Plaintiff,                           :
                                                    :        10-CV-7207 (DAB)
       v.                                           :
                                                    :
NEW YORK UNIVERSITY,                                :
                                                    :
               Defendant.                           :
                                                    :
--------------------------------------------------------------------X

## JOINT PRE-TRIAL STATEMENT

Pursuant to Section IV.A of this Court's Chambers Practices, plaintiff Doris Tse, Ph.D.

("Dr. Tse" or "Tse") and defendant New York University ("NYU") respectfully submit this Joint

Pre-Trial Statement. The undersigned attorneys and *pro se* plaintiff hereby affirm that this Joint

Pre-Trial Statement is submitted in conformity with the Individual Rules of Judge Deborah A.

Batts, dated September 17, 2013.

1.    **Basic nature of the case:**  Dr. Tse was employed by NYU as an Associate

Research Professor until she was terminated on April 4, 2011. On September 19, 2013, this

Court granted in part and denied in part NYU's motion for summary judgment. Based upon that

Order, Dr. Tse's remaining claim is that NYU failed to provide a reasonable accommodation for

her alleged disabilities from June 1, 2010 to April 4, 2011 under the Americans with Disabilities

Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and New York City Human

Rights Law ("NYCHRL").

Dr. Tse claims that, based upon the Court's October 24, 2013 Order denying NYU's

motion for reconsideration, she is allowed to seek reinstatement, economic damages from lost

salary, and damages that extend beyond lost salary, as relief for injuries that she suffered from

NYU's alleged failure to provide reasonable accommodations for her disabilities (Lupus and osteoarthritis) from June 1, 2010 to April 4, 2011.

NYU claims that Dr. Tse has not demonstrated that she suffered any economic damages because the Court dismissed her discriminatory termination claim; she was paid 100% of her salary and benefits during the period when Dr. Tse claims that her alleged disabilities were not accommodated (June 1, 2010 through April 4, 2011); and she continues to receive long-term disability ("LTD") benefits through the present and therefore is not entitled to any back pay or front pay.

2. **Factual Basis for Jurisdiction and Venue:** The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) because Dr. Tse's claim alleges failure to accommodate under the Americans With Disabilities Act ("ADA") while employed at NYU. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Dr. Tse's New York State and New York City Human Rights Laws claims because the facts underlying those claims arise from the same transaction or occurrence related to her federal failure to accommodate claim. The Southern District of New York is the proper venue for this dispute under 28 U.S.C. § 1331(b) because NYU is situated primarily in this judicial district and the alleged events and omissions giving rise to the claims occurred in this judicial district.

3. **Jury or Bench trial:** Dr. Tse has demanded a jury trial. The parties propose that the Court empanel 6 jurors and 2 alternates.

4.    **Relief sought:**

Plaintiff's Position

The Court found on September 19, 2013 that "NIH funding is obtained by submitting grant applications. These grant applications are made by the institutions, with individuals acting as the principal investigators. Tse was the principal investigator for the Core." Whereupon, "after Tse was removed as the Core's Director, she lost all her accommodations." The Court also found that NYU "offered a legitimate reason for her termination". After NYU appropriated the NIH awards that supported 65% of her salary, NYU failed to provide reasonable accommodations that Tse needed to meet NYU's performance standards. NYU subsequently claimed on October 3, 2013 that, because Tse "received her salary during her employment with NYU and has since received LTD benefits, she cannot demonstrate that she suffered any economic damages." The Court determined on October 24, 2013 that this argument lacks merit.

Tse is seeking the following relief for NYU's unlawful actions: (1) Reinstatement; (2) Career Damages; (3) Damages for Back Pay; (4) Damages for Front Pay; (5) Attorneys' Fees and Costs; (6) Other Monetary Damages; (7) Punitive damages; and (8) Civil Penalty.

Defendant's Position:

NYU maintains that Dr. Tse has not demonstrated that she suffered any economic damages because the Court dismissed her discriminatory termination claim; she was paid 100% of her salary and benefits during the period when Dr. Tse claims that her alleged disabilities were not accommodated (June 1, 2010 through April 4, 2011); and she continues to receive LTD benefits through the present and therefore is not entitled to any back pay or front pay.

5.    **Undisputed facts:** The following facts are undisputed:

1.    Dr. Tse began her employment with NYU in 1994.

3

2. In 1999, Dr. Tse was appointed the Director of the Flow Cytometry Core (the "Core") within the NYU Center For AIDS Research ("CFAR").

3. On January 19, 2006, Dr. Tse was promoted to Associate Professor (Research) of Medicine, effective September 1, 2005.

4. On March 10, 2010, Dr. Tse was notified that she would be removed as Core Director effective April 1, 2010, and that she would continue to receive funding for her salary from CFAR budgets through May 31, 2010.

5. On May 18, 2010, Dr. Tse applied for benefits under the long-term disability ("LTD") plan administered by Unum.

6. On March 11, 2011, Unum notified Plaintiff that her LTD benefits would begin April 5, 2011.

6. **Plaintiff's assertions of disputed facts:**

1. Tse started her employment with NYU in 1994 as a part-time, non-tenured track Research Assistant Professor in the Department of Pathology. (Plaintiff's Trial Ex. 15b).

2. Tse was diagnosed with osteoarthritis in 1997 and Lupus in 1999. (Tse Dep. at 16-7; Plaintiff's Trial Ex. 9d).

3. Dr. Fred Valentine ("Valentine"), who appointed Tse to direct the CFAR Flow Cytometry Core in 1999, was the CFAR Director from 1999 through 2011. (Tse Dep. at 15; Plaintiff's Trial Ex. 10b, 12b).

4. Tse's faculty appointment was transferred to the Department of Medicine effective January 1, 2000. Dr. Martin Blaser was the Department Chair. (Tse Dep. at 52; Plaintiff's Trial Ex. 15b).

4

5.      The NYU CFAR obtained NIH grants by submitting applications. As Director, Tse proposed and submitted applications for the Flow Cytometry Core, which were funded from July 1, 2000 through June 30, 2005, July 1, 2005 through June 30, 2010, and partially funded from July 1, 2010 through June 30, 2011. (Plaintiff's Trial Ex. 10a, Ex. 12c, Ex. 20a, Ex. 21).

6.      Following hand surgery in 2007 and continued impairment from osteoarthritis, Tse could no longer perform experiments and other laboratory tasks. (Tse Dep. at 109; Trial Ex. 19c).

7.      Independent of CFAR, Tse proposed and submitted a Shared Instrument Grant application to acquire a FACSAria Flow Cytometer that was funded by the NIH on February 15, 2007. (Plaintiff's Trial Ex. 13a-b).

8.      Tse was removed as Core Director effective April 1, 2010, but her salary support from CFAR budgets would continue through May 31, 2010. At that time, 65% of Tse's salary was supported by NIH funds that she obtained. (Plaintiff's Trial Ex. 14g, Ex. 15a).

9.      In addition to her salary, the NIH funds that Tse obtained as Core Director supported a number of facilities and laboratory assistants. The Core's laboratory assistants provided for an accommodation Tse needed as an individual with disabilities to perform the essential functions of her job as a member of the NYU research faculty. (Odom Dep. at 24; Plaintiff's Trial Ex. 12c).

10.     Tse's removal as Core Director on April 1, 2010 terminated previously provided accommodations, without which she was unable to replenish the salary support she lost after June 1, 2010, that ultimately caused her discriminatory discharge from NYU. (Odom Dep. at 21, 33-34; Tse Dep. at 77).

11.    Tse was engaged in protected activities when she was removed as Director of the Core effective April 1, 2010. (Odom Dep. at 21-23, 30-31, 57-58; Valentine Dep. at 98; Blaser Dep. at 56-57; Plaintiff's Trial Ex. 4a-b, Ex. 9a-g, Ex. 20b,c).

12.    Tse was the Principal Investigator ("PI") of the CFAR Flow Cytometry Core at the time her salary support was removed on June 1, 2010. (Blaser Dep. at 28-30; Plaintiff's Trial Ex. 10a).

13.    Valentine's justification for removing Tse as Director of the Core was baseless. Tse was the only CFAR Core Director who was replaced for the NIH funding period July 1, 2010 through June 30, 2011. (Tse Dep. at 162-3; Plaintiff's Trial Ex. 10a-b, Ex. 11, Ex. 12g, Ex. 14a-d, 14f,g).

14.    The FACSAria, a revenue-producing instrument, was removed from Tse's purview as the PI of the SIG award that she secured, further depleting her salary support and accommodations previously provided. (Tse Dep. at 115; Plaintiff's Trial Ex. 10a, Ex. 13a-b, Ex.15a).

15.    On or after April 1, 2010, the CFAR funds and the FACSAria that Tse obtained from the NIH were reallocated to other NYU employees, Dr. Michael Dustin and Peter Lopez. (Valentine Dep. at 8, 65, 165-166; Plaintiff's Trial Ex. 10a-c, Ex. 12d, Ex. 16b).

16.    Reallocating Tse's award to other NYU employees was contrary to the terms and conditions as specified in the NIH Notice of Award and NIH Grants Policy Statement. (Tse Dep. at 203, 204, 282-4; Plaintiff's Trial Ex. 10d, Ex. 12c-f, Ex. 13b, Ex. 14c-f).

17.    NYU agreed to provide the required Assurance of Compliance at the time applications were submitted, but failed to comply in accepting the awards based on the

applications that Tse submitted to and as approved by the NIH. (Plaintiff's Trial Ex. 12a, Ex. 13a, Ex. 17).

18.     Odom testified that his "thought process was" .... "to make sure she [Tse] had the time", not that NYU actually provided Tse with "the time necessary to apply for grants, to do the kind of things she needed to do to kind of integrate back into the traditional faculty research roles". (Odom Dep. at 59-61, Plaintiff's Trial Ex. 16c).

19.     Even though Valentine agreed to support 65% of Plaintiff's salary through May 30, 2010 using NIH funds that she obtained, Tse could only access the Core's laboratory assistants or facilities after April 1, 2010 as a fee-for-service user. (Tse Dep. at 259-261; Valentine Dep. at 17-19; Plaintiff's Trial Ex. 12c).

20.     The office and laboratory NYU provided after Tse was removed as the Core Director did not meet Tse's need for reasonable accommodation, and instead created a more challenging and dangerous work environment for her. (Blaser Dep. at 45, 74, 95, 96-97; Plaintiff's Trial Ex. 9d, Ex. 18a-c).

21.     Following the advisement of Reginald Odom, J.D. (V.P. of Employee & Labor Relations), Tse initiated her application for LTD benefits on April 16, 2010 for 65% of her salary, under the long-term disability plan administered by Unum. (Odom Dep. at 31-32; 36, 67-68, 69; Plaintiff's Trial Ex. 19a,b).

22.     At the time Tse sought Odom's help to apply for LTD benefits, he was aware that, with laboratory assistance, she could perform the essential functions of her job as a member of the Research Faculty. (Odom Dep. at 24; Plaintiff's Trial Ex. 19b).

23.    Tse notified Dr. Martin Blaser (Chair, Department of Medicine) on May

13, 2010 that her disability would not allow her to replenish the NIH funds which used to support

65% of her salary. (Blaser Dep. at 98-100; Plaintiff's Trial Ex. 20d).

24.    When Tse filed her application for disability benefits on May 18, 2013,

she did not claim that she was "totally disabled" (Tse Dep. at 104, 205-206; Plaintiff's Trial Ex.

19c).

25.    On May 28, 2013, NYU did not offer to "discuss accommodations" or a

"return-to-work plan" in Tse's application for disability benefits. (Plaintiff's Trial Ex. 19d).

26.    On June 15, 2010, Tse explained to Unum that she lost previously

provided accommodations along with 65% support for her salary. The other 35% of her NYU

effort was spread between three projects, which came with laboratory staff (Tse Dep. at 77, 78-

80, 87-88; Plaintiff's Trial Ex. 19e).

27.    Tse obtained NIH funding as an independent investigator before her

appointment as CFAR Core Director in 1999 and her chronic impairments caused by Lupus and

osteoarthritis. (Blaser Dep. at 110; Plaintiff's Trial Ex. 10a).

28.    Tse chose to devote the bulk of her effort at NYU to direct the Core after

she became incapacitated by Lupus and osteoarthritis. (Blaser Dep. at 43, 44, 111;  Plaintiff's

Trial Ex. 20a, Ex. 20e, Ex. 21).

29.    At a meeting on August 25, 2010, Plaintiff reiterated that she could not

submit grant applications as an independent researcher because of her disability. Blaser

suggested to Tse that she should pursue LTD benefits at 100% rather than 65% of her effort at

NYU. Tse was not offered a part-time faculty appointment as a plausible accommodation for her

disability. At the time of the meeting, Tse had requested a Right-to-Sue letter from the EEOC.

(Odom Dep. at 29, 70, 71; Tse Dep. at 13-14, 58-59, 100-102; Blaser Dep. at 14-15; Plaintiff's Trial Ex. 4c, Ex. 15b).

30.     Laboratory data supporting the RO1 grant application that Tse submitted as co-PI with Dr. Joan Reibman on July 19, 2010 were collected before April 1, 2010. The earliest NIH resubmission date for this unsuccessful application was March 5, 2011, three months after Tse received Blaser's termination notice (Tse Dep. at 101-103; Plaintiff's Trial Ex. 16c).

31.     On August 31, 2010, Tse met NYU's REF (Required Extramural Funding) for securing greater than 60% of her compensation for each of the prior three years and was actively pursuing extramural funding, but was denied "Safe Harbor" and a "Research Supplement" under NYU's own policies for research faculty who lost extramural funding. (Tse Dep. at 90-91, Odom Dep. at 47-48; Plaintiff's Trial Ex. 15a, Ex. 22a-b).

32.     In her April 9, 2012 declaration, Lucy Cribben (Administrator) testified that there was no record that any of the faculty members terminated by the Department of Medicine between 2006 and 2011 had a disability requiring reasonable accommodations in order to obtain extramural funding at the time of their termination. (Ex. 23a).

33.     In her April 9, 2012 declaration, Cribben did not mention the REF records of the faculty members terminated by the Department of Medicine between 2006 and 2011. (Ex. 23a).

34.     On September 20, 2010, NYU informed Unum that Tse could "continue with her professor duties without lab work", but no modification of job duties was offered to Tse as a plausible accommodation. (Plaintiff's Trial Ex.19f).

35.     Blaser notified Tse on January 4, 2011 that her faculty appointment would terminate April 4, 2011. Plaintiff's employment was terminated because she allegedly failed to provide at least 60% of her compensation from extramural funding. At the time, Tse had filed a complaint with the SDNY against NYU for disability discrimination (Plaintiff's Trial Ex. 1, Ex. 20f).

36.     NYU Chairs were instructed to articulate a non-discriminatory reason regarding notification of non-reappointment for non-tenured faculty. Tse was engaged in a protected activity when Blaser terminated her postion as Associate Research Professor. Blaser did not articulate any reasons for Tse's termination in his January 4, 2011 notification. (Blaser Dep. p56-67; Plaintiff's Trial Ex. 1a, Ex. 20b-c, Ex. 20f, Ex. 22d).

37.     Tse did not testify that she was "totally disabled". (Tse Dep. at 58-59, 80).

38.     In the letter dated March 11, 2011 notifying Tse that her LTD claim had been approved effective April 5, 2011, Unum determined that the date of Tse's disability was June 1, 2010, but did not specify that she had to be "totally disabled" in order to receive benefits. (Tse Dep. at 63, 68; Plaintiff's Trial Ex. 19g).

39.     In the letter dated March 11, 2011, Unum stated that Tse must be continuously disabled, not totally disabled, through the 180 day elimination period before she would be eligible to receive LTD benefits under the policy provided by her employer. (Plaintiff's Trial Ex. 19f).

40.     In the letter dated March 11, 2011, Unum determined that Tse's Salary Continuation payments from June 1, 2010 through April 4, 2011 was greater than 180 days, which allowed her benefits to begin on April 5, 2011, immediately after her employment was terminated by NYU. NYU's 180 day Salary Continuation payments did not constitute

"Illness/Disability Leave" since Tse reported to work from June 1, 2010 through April 4, 2011 (Tse Dep. at 63, 68; Plaintiff's Trial Ex. 19g, Ex. 22c).

   41. Dr. David McLaughlin (NYU Provost) claimed that Tse resigned her postion as Associate Research Professor effective April 4, 2011 when Tse clearly did not resign. (Odom Dep. at 87; Plaintiff's Trial Ex. 20f, Ex. 23b).

   42. Tse continued to work with Reibman and Dr. William Rom as a self-employed consultant after she was discharged from NYU. Tse is entitled to receive LTD benefits as long as she has a 20% or more loss in her indexed monthly earnings due to the same sickness or injury. (Tse Dep. at 61-62, 209-211, 246; Plaintiff's Trial Ex. 19g-h, Ex. 24a-b).

### 7. Defendant's assertions of disputed facts:

Dr. Tse was employed by NYU in the Department of Medicine from 1994 through April 4, 2011. (Am. Compl., ¶ 8; Deposition of Dr. Doris Tse ("Tse Dep.") at 11, 13, 25.) At NYU, as well as other research-intensive universities, faculty members on the research track are required to secure extramural support for their employment. (Deposition of Martin Blaser ("Blaser Dep.") at 47.) Dr. Tse understood that, as a non-tenured research professor, her salary was supported through grants. (Tse Dep. at 91.) After Dr. Tse was removed as Director of the Core in April 2010, her funding through the CFAR (65% of her salary) was continued through June 1, 2010. (Odom Dep. Ex. 2; Tse Dep. Ex. 2.) NYU then provided Dr. Tse with "the time necessary to apply for grants, to do the kind of things she needed to do to . . . integrate back into the traditional faculty research roles, which are providing the support for yourself, getting funding. . . . [NYU] just wanted the department to be as flexible as they could in providing time and support for her." (Deposition of Reginald Odom ("Odom Dep.") at 60.)

After she was removed as Core Director, NYU assisted Dr. Tse in obtaining long-term disability ("LTD") benefits and provided her with almost a year to secure extramural funding for her research at NYU, which were reasonable accommodations. (Cribben Decl., ¶ 4; Tse Dep. at 59-60, 63, 68; Tse Dep. Ex. 1.) NYU also provided her with an office and a laboratory so that she could conduct experiments and complete work. (Tse Dep. Ex. 2.) Yet, rather than utilize these reasonable accommodation, Dr. Tse voluntarily applied for LTD as of June 1, 2010, the *same day* she no longer received support as Core Director. (Tse Dep. at 87; Tse Dep. Ex. 1.)

After applying for LTD benefits on May 18, 2010, Dr. Tse continued to perform work on research projects. (Tse Dep. at 73-74, 77, 96.) Dr. Tse claims that, after she applied for LTD benefits, she needed NYU to retain another employee for her to do laboratory work, but she continued to perform work on research projects with Drs. Rom, Reibman, and Young. (Tse Dep. at 73-74, 77, 96.) She also co-submitted at least one unsuccessful grant application prior to her termination on April 4, 2011. (Tse Dep. at 102-03.)

Between April 1, 2010 through August 31, 2010, Dr. Tse had approximately 30% of her salary paid through extramural grants. (Cribben Decl., ¶ 4.) After August 31, 2010, however, she had approximately 5% of her salary paid through extramural grants. (Cribben Decl., ¶ 4.) Dr. Tse was the only non-tenured, research-track professor who was retained by NYU's Department of Medicine for more than one year with less than 50% funding, and she was paid 100% of her salary from June 1, 2010 through April 4, 2011. (Cribben Decl., ¶ 4; Tse Dep. at 89.) As a result, NYU supported 95% of Dr. Tse's salary from August 31, 2010 through April 4, 2011, and the decision to terminate her employment was made because the institution lacks the resources to support research faculty who do not have extramural support. (Blaser Dep. at 58; Cribben Decl., ¶ 5; Odom Dep. at 48.) On April 5, 2011   the day after her employment was

12

terminated – Dr. Tse began receiving LTD benefits because she is "totally disabled" under the LTD plan and unable to work to the present time. (Tse Dep. at 63, 68.)

Accordingly, NYU took numerous, reasonable steps to accommodate Dr. Tse's alleged disability between June 1, 2010 and April 4, 2011, including assisting her obtain LTD benefits, giving her additional time to secure funding, providing an office and a laboratory so that she could conduct experiments and complete work, and permitting access to research technicians in the Core.

**8.    Issues of law to be decided by the Court:**

Plaintiff's brief listing, tracking issues of law fully developed in Plaintiff's pre-trial memorandum of law:

1.     Was Tse engaged in protected activities, pursuant to 42 U.S.C.§12203 ¶(a), when she was removed as the Director of the Flow Cytometry Core, thereby depriving her of previously accorded reasonable accommodations?

(a)     Can Tse prove by a preponderance of the evidence that she was seeking reasonable accommodation in order to perform the essential functions of her job at the time she was removed?

(b)     Can Tse prove by a preponderance of the evidence that NYU was making plans to remove her four months after NYU's in-house counsel responded to a complaint that Tse filed with the NYSDHR, which was not resolved or dismissed at the time she was removed?

2.     Pursuant to 42 U.S.C.§12203 ¶(b), did NYU interfere with employment opportunities that Tse obtained from the NIH, which provided for 65% of her salary and laboratory assistants to accommodate her physical limitations?

(a)     Can Tse prove by a preponderance of the evidence that NYU violated  42 CFR

§52 and 45 CFR §50, §74 when she was replaced as the Director of the Flow Cytometry Core?

     (b)    Can Tse prove by a preponderance of the evidence that NYU violated 42 CFR §52 and 45 CFR §50, §74 when NYU reallocated the FACSAria to another emloyee?

3.    Did NYU fail to engage in the interactive process, in violation of 42 U.S.C.§12112 ¶(b)(5)(A), after NYU deprived Tse of reasonable accommodations that she obtained from the NIH?

     (a)    Can Tse prove by a preponderance of the evidence that NYU was aware that she required assistance with laboratory work in order to obtain new funding?

     (b)    Can NYU prove by a preponderance of the evidence that other plausible accommodations, pursuant to 42 U.S.C.§12111 ¶(9)(B), which would allow Tse to maintain her faculty position, were explored?

     (c)    Can NYU prove by a preponderance of the evidence that recommending LTD benefits from a collateral source as a means for Tse to maintain her livelihood was in compliance with 42 U.S.C.§12101 ¶(a)(7)?

4.    Did NYU fail to make reasonable accommodations to Tse's known physical limitations, in violation of  42 U.S.C.§12112 ¶(b)(5)(A),  after NYU reallocated her NIH awards to other employees?

     (a)    Can NYU prove by a preponderance of the evidence that NYU provided Tse with laboratory assistance, pursuant to 42 U.S.C.§12111 ¶(9)(B), in order for her to obtain new funding?

     (b)    Can NYU prove by a preponderance of the evidence that, pursuant to 42 U.S.C.§12111 ¶(9)(B), Tse was offered a part-time faculty position, or a faculty position that did not require laboratory work, after funding for 65% of her salary was reallocated?

(c)     Can Tse prove by a preponderance of the evidence that, after she was removed as the Core Director, the office and laboratory NYU provided did not meet her need for reasonable accommodations, pursuant to 42 U.S.C.§12111 ¶(9)(A)?

5.     Did NYU engage in coercion, exclusion, and unlawful termination as Tse's employer?

(a)     Can Tse prove by a preponderance of the evidence that NYU coerced her into applying for LTD benefits from a collateral source, in violation of 42 U.S.C. §12203 ¶(b), because NYU failed to make reasonable accommodations to her known physical limitations?

(b)     Can Tse prove by a preponderance of the evidence that at the time NYU terminated her employment for failing to meet NYU's requirements for extramural funding, she was excluded from "Safe Harbor" under the same policy, which would have protected her from reduction in salary for two years, and "Research Incentives" to provide the laboratory assistance that she needed, in violation of 42 U.S.C. §12112 ¶(b)(4)?

(c)     In terminating Tse's employment, did NYU deny opportunities to an employee who was an otherwise qualified individual with a disability, when such denial was based on NYU's need to make reasonable accommodation to the physical impairments of the employee, in violation of 42 U.S.C. §12112 ¶(b)(5)(B)?

6.     Was Tse's removal as the Director/Principal Investigator of the Flow Cytometry Core justified by her alleged inadequacies, or a pretext for NYU's discriminatory animus?

(a)     Can Tse prove by a preponderance of the evidence that she was not responsible for scheduling, billing, poor NIH scores, and restricted core utilization?

(b)     Can Tse prove by a preponderance of the evidence that she was capable of data management and her core was sufficiently utilized?

(c)     Can Tse prove by a preponderance of the evidence that her performance received

15

enthusiastic NIH review and she was more likely to enhance rather than compromise NYU's chances of success when resubmitting for the same grant?

7.      Did NYU engage in a pattern or practice of discrimination against Tse as an employee with known disabilities?

8.      Is the relief sought by the Plaintiff just and proper?

        (a)      What conditions are appropriate for Tse's reinstatement? How can NYU restore Tse's career to the level of productivity and peer recognition that she achieved before she was removed as the Core Director?

        (b)      What are appropriate determinations for back pay, front pay, attorneys' fees and costs, other monetary damages, and punitive damages, that are due Tse for NYU's unlawful actions alleged?

        (c)      How can NYU be deterred from inflicting the wrongful practices alleged on other employees?

              Plaintiff reserves her right to raise motions *in limine* prior to trial.

Defendant's Position:

NYU refers to the Court's Order granting in part and denying in part summary judgment regarding the proper scope of Dr. Tse's failure to accommodate claim.

The Court decides the issue of back pay or front pay, if any. *Broadnax v. City of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005). Therefore, NYU contends that, even if the jury finds that it did not reasonably accommodate Dr. Tse's alleged disability between June 1, 2010 and April 4, 2011, the Court should find that she is not entitled to any economic damages because the Court dismissed Dr. Tse's discriminatory termination claim; she was paid 100% of her salary and benefits during the period when Dr. Tse claims that her alleged disabilities were not

16

accommodated (June 1, 2010 through April 4, 2011); and she continues to receive LTD benefits through the present and therefore is not entitled to any back pay or front pay.

NYU reserves its right to raise motions *in limine* prior to trial.

### 9. Witnesses:

Plaintiff's Witnesses (alphabetical list):

**Steven Abramson, M.D.**, Vice Dean for Education, Faculty & Academic Affair, Interim Chair of the Department of Medicine, Director of the Division of Rheumatology, NYU School of Medicine. As the Vice Dean, Dr. Abramson will testify on NYU's policies pertaining to non-tenured research faculty and faculty with disabilities. As the Chief of Rheumatology, he will testify on the Plaintiff's physical impairment from Lupus and osteoarthritis and her alleged need for reasonable accommodations.

**Dafna Bar-Sagi, PhD.**, Senior Vice President and Vice Dean for Science, Chief Scientific Officer, NYU School of Medicine. Dr. Bar-Sagi replaced Dr. Vivian Lee, a named defendant in the current suit. Dr. Lee is now employed by the University of Utah.

**Martin Blaser, M.D.**, Professor, Department of Medicine & Microbiology, former Chair of Medicine, NYU School of Medicine. Dr. Blaser is a named defendant in the current suit, duly deposed on September 28, 2011.

**Lucy Cribben**, former Administrator, Department of Medicine, NYU School of Medicine. Ms. Cribben will testify on procedures undertaken by the Department of Medicine in terminating the Plaintiff's faculty appointment.

**Michael Dustin, Ph.D.**, Research Professor of Pathology & Molecular Pathogenesis, NYU School of Medicine. Dr. Dustin will testify on his role as replacement PI for the Plaintiff following her removal as the CFAR Core Director.

**Ann Namkung Lee, M.P.H.**, Division of AIDS, National Institute of Allergy and Infectious Diseases, National Institutes of Health. Ms. Lee will testify on NIH Policies regarding the replacement of Principal Investigators and Assurance of Compliance by institutions that accept federal assistance based on applications submitted to the NIH by their employees.

**Abraham Levy, Ph.D.**, Director, SIG and High End Programs, Office of Research Infrastructure Programs, Division of Program Coordination, Planning, and Strategic Initiatives, National Institutes of Health. Dr. Levy will testify on NIH Policies regarding the replacement of Principal Investigators who received NIH awards for high-end instruments.

**Peter Lopez**, Research Assistant Professor; Department of Pathology & Structural Biology, NYU School of Medicine. Mr. Lopez will testify on his role as replacement PI for the Plaintiff's SIG award and his record of extramural salary support.

**David McLaughlin, Ph.D.**, Provost and Chief Academic Officer, NYU. Dr. McLaughlin will explain why his office sent the Plaintiff a letter accepting her resignation after the current suit was filed.

**Elsa Nunez**, Manager, Department of Medicine, NYU School of Medicine. Ms. Nunez will testify on the Plaintiff's working environment after she was removed as the CFAR Core Director.

**Reginald Odom, J.D.**, former V.P. of Employee Relations, NYU Langone Medical Center. Mr. Odom was duly deposed on September 22, 2011 and will testify on his interactions with the Plaintiff in her request for reasonable accommodations.

**Joan Reibman, M.D.**, Professor, Department of Medicine, NYU School of Medicine. Dr. Reibman will testify on her role as the Plaintiff's collaborator.

**William Rom, M.D.**, Professor, Department of Medicine, NYU School of Medicine. Dr. Rom will testify on his role as the Plaintiff's supervisor and collaborator.

**Nancy Sanchez**, Vice Dean of Human Resources, Organizational Development & Learning, NYU Langone Medical Center. Ms. Sanchez will testify on NYULMC's policies and standard practice regarding employee accommodation and disability benefits.

**Doris Tse, Ph.D.** is the Plaintiff in the current suit.

**Fred Valentine, M.D.**, Research Professor; Department of Medicine & Microbiology, former Director, NYU CFAR, NYU School of Medicine. Dr. Valentine is a named defendant in the current suit, duly deposed on October 18, 2011.

**Michael Weiden, M.D.**, Associate Professor, Department of Medicine, NYU School of Medicine. Dr. Weiden will testify on his role as the Plaintiff's collaborator.

**Bruce K. Young, M.D.**, Professor, Department of Obstetrics and Gynecology, NYU School of Medicine. Dr. Young will testify on his role as the Plaintiff's collaborator.

Defendant's Witnesses:

NYU objects to Dr. Tse's witness list as containing irrelevant and cumulative witnesses. NYU identifies the following witnesses:

Dr. Doris Tse

Dr. Martin Blaser

Reginald Odom

Lucy Cribben

Margaret Meagher

Elsa Nunez

Dr. Joan Reibman

19

Dr. William N. Rom

Dr. Bruce Young

## 10.   Parties' Exhibits:

Designated by Plaintiff:

Please see attached Tab 1.

The parties stipulate to the authenticity and admissibility of Plaintiff's proposed exhibits to which NYU does not object.  Plaintiff asserts that all proposed exhibits are admissible. Plaintiff will submit to the Court, separate from the JPTS, a set of all her proposed Trial Exhibits to which objections have been raised by Defendant.

Plaintiff reserves the right to amend and/or supplement her proposed exhibit list should NYU change its position, amend and/or supplement its exhibit list.  Plaintiff also reserves the right to introduce documents not currently listed in the event impeachment is necessary.

Designated by Defendant:

Please see attached Tab 2.

NYU reserves the right to introduce some or all of the exhibits identified by Dr Tse. NYU further reserves the right to amend and/or supplement its exhibit list should Dr. Tse amend and/or supplement her exhibit list.  NYU also reserves the right to introduce documents not currently listed for impeachment purposes.

## 11.   Experts to be called:

The parties do not intend to call any expert witnesses.

**Trial counsel:**

For Plaintiff Doris Tse:

Doris Tse, Ph.D., *Pro se*
3001 Henry Hudson Pkwy
Riverdale, New York 10463
(718)-543-4610


For Defendant NYU:

Edward Cerasia II, Esq.
Cerasia & Del Rey-Cone LLP
150 Broadway, Suite 1517
New York, New York 10038
(646) 525-4231

12.    **Estimate of trial time:** The parties anticipate a trial lasting five days.

Dated: New York, New York
       May1, 2014

Respectfully submitted,

Doris Tse, Ph.D.                                      CERASIA & DEL REY-CONE LLP


By /s Doris Tse_____                                 By /s Edward Cerasia II_____
    Doris Tse, Ph.D.                                     Edward Cerasia II
3001 Henry Hudson Pkwy                               150 Broadway, Suite 1517
Riverdale, New York 10463                            New York, New York 10038
(718)-543-4610                                       (646) 525-4231
dbtse01@gmail.com                                    ed@cdemploymentlaw.com

                                                     Attorneys for Defendant
*Pro se* Plaintiff                                   *New York University*

# TAB 1

Tse v. New York Univeristy
10-CV-7207 (DAB)
Joint Pre-trial Statement

Doris Tse, PhD, v. NY University
10-CV-7207 (DAB)
LIST OF PLAINTIFF'S TRIAL EXHIBITS

| Plaintiff's Exhibit Number | Subpart | Exhibit | Deposition Exhibit, Bates No. or Open Source | Defendant's Objection(s) | Plaintiff's Response |
|---|---|---|---|---|---|
| 1 | a | Plaintiff's Complaint filed 09/17/2010 | | Fed. R. Evid. 401; 402 & 403. | Probative for Disputed Fact 35 under Fed. R. Evid. 401. |
| | b | Plaintiff's Amended Complaint filed 04/04/2011 | | Fed. R. Evid. 401; 402 & 403. | Probative under Fed. R. Evid. 401; Charges against Defendant |
| 2 | | Plaintiff's Response to Defendant's Motion for Summary Judgment filed 10/12/2012 | | Fed. R. Evid. 401; 402 & 403. | Probative under Fed. R. Evid. 401; Risman Declarations of previously submitted Exhibits. |
| 3 | | Defendant's Motion for Reconsideration of Summary Judgment Denial filed 10/03/2013 | | Fed. R. Evid. 401; 402 & 403. | Probative for Plaintiff's Relief Sought under Fed. R. Evid. 401. |
| 4 | a | Defendant's Response to Plaintiff's NYSDHR complaint filed 10/29/2009 | Risman Decl. Ex. Y | Fed. R. Evid. 401; 402 & 403. | Probative for Disputed Fact 11 under Fed. R. Evid. 401. |
| | b | Plaintiff's amended NYSDHR complaint filed 04/01/2010 | Risman Decl. Ex. Y | Fed. R. Evid. 401; 402 & 403. | Probative for Disputed Fact 11 under Fed. R. Evid. 401. |
| | c | Plaintiff's request for "Right-to-Sue" 07/15/2010 | Risman Decl. Ex. Y | Fed. R. Evid. 401; 402 & 403. | Probative for Disputed Fact 29 under Fed. R. Evid. 401. |
| 5 | | Doris Tse's deposition transcript, 09/21/2011 and 10/24/2011 | | | |
| 6 | | Fred Valentine's deposition transcript, 10/18/2011 | | Fed. R. Evid. 401; 402 & 403. | Probative for Disputed Facts 3, 11, 13, 15, and 19 under Fed. R. Evid. 401. |
| 7 | | Reginald Odom's deposition transcript, 09/22/2011 | | | |
| 8 | | Martin Blaser's deposition transcript, 09/28/2011 | | | |
| 9 | a | Odom to Tse email, 12/16/2009 | Risman Decl. Ex. R P0185 | Fed. R. Evid. 401; 402 & 403. | Probative for Disputed Fact 11 under Fed. R. Evid. 401. |
| | b | Tse to Odom email, 02/02/2010 | Risman Decl. Ex. R P0145 | Fed. R. Evid. 401; 402 & 403. | Probative for Disputed Fact 11 under Fed. R. Evid. 401. |
| | c | Emails between Valentine, Blaser, Cribben, Driesen and Odom, 02/04/2010 through 02/23/2010 | Risman Decl. Ex. R NYU003238-3239 | Fed. R. Evid. 401; 402 & 403. | Probative for Disputed Fact 11 under Fed. R. Evid. 401. |
| | d | Soltar letter to Odom, 03/03/2010 | Risman Decl. Ex. R P0185 | Fed. R. Evid. 401, 402, 403, 801 & 802. | Probative for Disputed Fact 11 under Fed. R. Evid. 401. |
| | e | Valentine letter to Tse, 03/04/2010 | Risman Decl. Ex. R NYU003230 | | Probative for Disputed Fact 11 under Fed. R. Evid. 401. |
| | f | Emails between Valentine and Tse, 03/09-10/2010 | Risman Decl. Ex. R P0176, P0186 | Fed. R. Evid. 401; 402 & 403. | Probative for Disputed Fact 11 under Fed. R. Evid. 401. |
| | g | Tse to Nunez email 03/10/2010 | Risman Decl. Ex. R | | Probative for Disputed Fact 11 under Fed. R. Evid. 401. |

Doris Tse, PhD. v. NY University
10-CV-7207 (DAB)
LIST OF PLAINTIFF'S TRIAL EXHIBITS

| Plaintiff's Exhibit Number | Subpart | Exhibit | Deposition Exhibit, Bates No. or Open Source | Defendant's Objection(s) | Plaintiff's Response |
|---|---|---|---|---|---|
| 10 | | NIH Grants | | | |
| | a | History of Awards: Doris Tse, P.I., project reporter.nih.gov (updated 01/08/2014) | Risman Decl. Ex. I | Fed. R. Evid. 401, 402 & 403. Also, not produced during discovery. | Probative for Disputed Fact 5, 12-15, and 27 under Fed. R. Evid. 401. This information was updated from a public site equally accessible to either party and does not require disclosure pursuant to Rule 26(a)(1)(ii) of the Federal Rules of Civil Procedure. |
| | b | CFAR Award, 07/01/2010-06/30/2011, (updated 01/08/2014) | Risman Decl. Ex. I, project reporter.nih.gov | Fed. R. Evid. 401, 402 & 403. Also, not produced during discovery. | Probative for Disputed Fact 3, 15, and 13 under Fed. R. Evid. 401. This information was updated from a public site equally accessible to either party and does not require disclosure pursuant to Rule 26(a)(1)(ii) of the Federal Rules of Civil Procedure. |
| | c | History of Awards: Peter Lopez, P.I., (updated 01/08/2014) | project reporter.nih.gov | Fed. R. Evid. 401, 402 & 403. Also, not produced during discovery. | Probative for Disputed Fact 15 under Fed. R. Evid. 401. This information was produced from a public site equally accessible to either party and does not require disclosure pursuant to Rule 26(a)(1)(ii) of the Federal Rules of Civil Procedure. |

Doris Tse, PhD. v. NY University
10-CV-7207 (DAB)
LIST OF PLAINTIFF'S TRIAL EXHIBITS

| Plaintiff's Exhibit Number | Subpart | Exhibit | Deposition Exhibit, Bates No. or Open Source | Defendant's Objection(s) | Plaintiff's Response |
|---|---|---|---|---|---|
| | d | NIH Grants Policy Statement: Prior-Approval Requirements for Changes in status of key personnel | grants.nih.gov/grants/policy | Fed. R. Evid. 401, 402 & 403. Also, not produced during discovery. | Probative for Disputed Fact 16 under Fed. R. Evid. 401. This document is maintained at a public site equally accessible to either party and does not require disclosure pursuant to Rule 26(a)(1)(ii) of the Federal Rules of Civil Procedure. It is a manual produced by the NIH to implement OMB Circular A-110, and codified at 45 CFR Part 74. |
| 11 | | 2009 NIH Critique | Risman Decl. Ex. O NYU004042-4107 | Fed. R. Evid. 401, 402 & 403 | Probative for Disputed Fact 13 under Fed. R. Evid. 401 under Fed. R. Evid. 401. |
| 12 | a | CFAR Grant Applications; CFAR Application, 2009 | Risman Decl. Ex. G NYU004267 NYU004109-4110 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 12 and 17 under Fed. R. Evid. 401. |
| | b | Administrative Core (complete document) | Risman Decl. Ex. G NYU004137-4141 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 3 under Fed. R. Evid. 401. |
| | c | Flow Cytometry Core Research Plan (complete document) | NYU004184-4214 | Fed. R. Evid. 401, 402 & 403 | Probative for Disputed Facts 5, 9, and 19 under Fed. R. Evid. 401 |
| | d | Lopez Biosketch | Risman Decl. Ex. G NYU004438-4439 | Fed. R. Evid. 401, 402 & 403 | Probative for Disputed Fact 15 under Fed. R. Evid. 401. |
| | e | Notice of Grant Award, 07/01/09 - 06/30/10 | NYU004029-34 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 16 under Fed. R. Evid. 401. |
| | f | Notice of Grant Award, 07/01/10 - 06/30/11 | Risman Decl. Ex. G NYU004023-4024 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 16 under Fed. R. Evid. 401. |
| | g | Chaturaz and Lee emails, 06/16/2010 | Risman Decl. Ex. S NYU004945-4946 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 13 under Fed. R. Evid. 401. |
| 13 | | Shared Instrument Grant | | | |
| | a | Grant Application, 03/20/2006 | P0594-595 P0626 P0645-646 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 7 and 12 under Fed. R. Evid. 401. |
| | b | Notice of Grant Award, 02/15/2007 | Risman Decl. Ex. J P0850-853 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 7 under Fed. R. Evid. 401. |

Doris Tse, PhD, v. NY University
10-CV-7207 (DAB)
LIST OF PLAINTIFF'S TRIAL EXHIBITS

| Plaintiff's Exhibit Number | Subpart | Exhibit | Deposition Exhibit, Bates No. or Open Source | Defendant's Objection(s) | Plaintiff's Response |
|---|---|---|---|---|---|
| 14 | c | Final Progress Report, 2008 | Risman Decl., Ex. J P0944-950 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 7 under Fed. R. Evid. 401. |
| | a | Valentine and Tse emails, 08/03/2009 | Risman Decl. Ex. N, K | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 13 under Fed. R. Evid. 401. |
| | b | Valentine to Tse email, 08/27/2008 | Risman Decl., Ex. N P0976 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 13 under Fed. R. Evid. 401. |
| | c | Tse to Lee email, 05/28/2009 | P0078 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 13 under Fed. R. Evid. 401. |
| | d | Tse email to Valentine, 03/03/2010 | P.1070 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 13 under Fed. R. Evid. 401. |
| | e | Lee, Odom and Tse emails, 05/22/2010-05/23/2010 | P0419 | | |
| | f | Valentine and Lee emails, 06/05/2009 | Risman Decl., Ex. S NYU000253-254 | Fed. R. Evid. 401, 402 & 403 | Probative for Disputed Fact 13 under Fed. R. Evid. 401 |
| | g | Valentine to Tse email, 01/04/2010 | Risman Decl. Ex. N | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 13 under Fed. R. Evid. 401. |
| 15 | | Tse's Employment Record at NYU | | | |
| | a | Tse Salary Distribution/Time & Effort, 09/01/07-08/31/10 | Risman Decl. Ex. E P0937-943 | | |
| | b | Positions held by Tse at NYU, 1994-2011 | Risman Decl. Ex. E NYU003538 | | |
| 16 | a | Rehman ROI Grant Application | Risman Decl. Ex. U | | |
| | b | Tse BioSketch | Risman Decl. Ex. U | | |
| | c | NIH Standard Due Dates for Competing Applications | grants.nih.gov/grants/funding/submissionschedule | Fed. R. Evid. 401, 402 & 403. Also, not produced during discovery. | Probative for Disputed Fact 18 under Fed. R. Evid. 401. This information was produced from a public site equally accessible to either party and does not require disclosure pursuant to Rule 26(a)(1)(ii) of the Federal Rules of Civil Procedure. |
| 17 | | Assurance Of Compliance | Risman Decl., Ex. F P0440 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 17 under Fed. R. Evid. 401. |
| 18 | a | Tse to Blaser email, 03/23/2007 | Risman Decl. Ex. T P0004 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 20 under Fed. R. Evid. 401 |
| | b | Tse to Blaser letter, 04/01/2010 | Blaser Dep. Ex. 9 NYU001939 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 20 under Fed. R. Evid. 401. |

Doris Tse, PhD. v. NY University
10-CV-7207 (DAB)
LIST OF PLAINTIFF'S TRIAL EXHIBITS

| Plaintiff's Exhibit Number | Subpart | Exhibit | Deposition Exhibit, Bates No. or Open Source | Defendant's Objection(s) | Plaintiff's Response |
|---|---|---|---|---|---|
| 19 | c | Tse to Nunez emails, 06/03/2010 | Risman Decl. Ex. V | | |
| | a | Tse to Meagher email, 04/16/2010 | Risman Decl. Ex. X P0414 | | |
| | b | Tse to Odom letter, 05/14/2010 | Odom Dep. Ex. 5 | | |
| | c | Unum Disability Claim Employee Statement | Risman Decl. Ex. X NYU_THIRDPARTY 000391-393 | | |
| | d | Unum Disability Claim Employer Statement | Risman Decl. Ex. X NYU_THIRDPARTY 000422-424 | | |
| | e | Transcript: Tse conversation with Unum, 06/15/2010 | Risman Decl. Ex. X NYU_THIRDPARTY 000509, 000512 | | |
| | f | Meagher to Unum email, 09/20/2010 | Risman Decl. Ex. X NYU_THIRDPARTY 000633 | | |
| | g | Unum letter, 03/11/2011 | Risman Decl. Ex. X NYU_THIRDPARTY 000897-901 | | |
| | h | Unum Policy: Benefit Information | NYU_THIRDPARTY 000447-000459 | | |
| 20 | a | Blaser to Glickman letter, 05/09/2005 | NYU003629-30 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 5 and 28 under Fed. R. Evid. 401. |
| | b | Tse to Blaser et al. email, 03/12/2010 | Risman Decl. Ex. T P0408 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 11 under Fed. R. Evid. 401. |
| | c | Tse to Blaser email, 03/14/2010 | P0178 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 11 under Fed. R. Evid. 401. |
| | d | Tse to Blaser email, 05/13/2010 | Blaser Dep., Ex. 10 NYU003009 | | |
| | e | Tse to Blaser email, 08/27/2010 | Risman Decl., Ex. T P0403 | | |
| | f | Blaser to Tse letter, 01/04/2011 | Risman Decl. Ex. T NYU003227 | | |
| 21 | | 2004 NIH Critique: Flow Cytometry Core | Risman Decl. Ex. H P0544-548 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 5 and 28 under Fed. R. Evid. 401. |

Doris Tse, PhD. v. NY University
10-CV-7207 (DAB)
LIST OF PLAINTIFF'S TRIAL EXHIBITS

| Plaintiff's Exhibit Number | Subpart | Exhibit | Deposition Exhibit, Bates No. or Open Source | Defendant's Objection(s) | Plaintiff's Response |
|---|---|---|---|---|---|
| 22 | a | Process for Implementing Research Faculty Productivity | Risman Decl. Ex. W NYU003721-3724 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 31 and 28 under Fed. R. Evid. 401. |
| | b | Policy on Performance Expectations for Research Faculty | Risman Decl. Ex. W NYU003082-3088 | | |
| | c | Faculty Handbook: Illness/Disability Leave and Maternity Leave | Risman Decl. Ex. W NYU003760 NYU003818-3819 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 40 under Fed. R. Evid. 401. |
| | d | Memorandum to Department Chairs | Risman Decl. Ex. W NYU003690-3691 | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 35 under Fed. R. Evid. 401. |
| 23 | a | Cribben Decl., 04/09/2012, Defendant's Motion for Summary Judgment | | | |
| | b | McLaughlin Decl., 08/29/2011 | | Fed. R. Evid. 401, 402 & 403. | Probative for Disputed Fact 41 under Fed. R. Evid. 401. |
| 24 | a | Rom invoice, 06/01/2011 | Tse Dep., Ex. 11 | Fed. R. Evid. 401, 402 & 403. Also, not produced during discovery. | Probative for Disputed Fact 37 and 42 under Fed. R. Evid. 401. This information was produced from a public site equally accessible to either party and does not require disclosure pursuant to Rule 26(a)(1)(ii) of the Federal Rules of Civil Procedure. |
| | b | ATS Abstracts, 2011 & 2012 | atsjournals.org | Fed. R. Evid. 401, 402 & 403. Also, not produced during discovery. | |
| | c | Clinical and Experimental Allergy: Reibman et al. manuscript, 01/22/2014 | joan.reibman@nyumc.org | Fed. R. Evid. 401, 402 & 403. Also, not produced during discovery. | Probative for Disputed Fact 37 and 42 under Fed. R. Evid. 401. This information was produced from a public site equally accessible to either party and does not require disclosure pursuant to Rule 26(a)(1)(ii) of the Federal Rules of Civil Procedure. |

Plaintiff stipulates to the authenticity of the proposed exhibits in the above list.

TAB 2

Doris Tse, PhD. v. New York University, 10-CV-7207 (DAB)
DEFENDANT'S PROPOSED TRIAL EXHIBITS

| Defendant's Exhibit | Description | Bates No. / Dep. Exhibit No. | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| A | Dr. Doris Tse's Unum claim form | NYU 003915-3927 Tse Dep. Ex. 3 | Irrelevant under Fed. R. Evid. 401. Unsigned claim forms. | Relevant to Dr. Tse's alleged disability; NYU's efforts to accommodate her alleged disability, and alleged back pay damages. Dr. Tse testified that she completed the form and that the form was submitted to Unum, resulting in her receipt of long-term disability benefits. Dr. Tse's argument goes to weight not admissibility. |
| B | March 11, 2011 correspondence from Unum to Dr. Doris Tse | P0374-378 Tse Dep. Ex. 1 | Fed. R. Evid. 402. In order for this exhibit to be admissible, the extent of the benefits (monetary value and length of time) provided to Plaintiff must be redacted. | Relevant to Dr. Tse's alleged disability, NYU's efforts to accommodate her alleged disability, and alleged back pay damages. The value of long-term disability benefits is relevant to these issues, which outweighs any potential embarrassment to Dr. Tse from public dissemination of her benefits information. |
| C | October 7, 2004 letter from Dr. Martin Blaser to Dr. Joel Ernst | NYU 003061 Blaser Dep. Ex. 1 | | |
| D | May 9, 2005 letter from Dr. Martin Blaser to Dr. Robert Glickman | NYC 003629-3630 | | |
| E | January 19, 2006 letter from Dr. Richard Lewis to Dr. Martin Blaser | NYU 003627 | | |
| F | September 18, 2009 letter from Dr. Martin Blaser to Dr. Doris Tse | P0116-117 Blaser Dep. Ex. 6 | | |
| G | February 23, 2010 emails between Dr. Martin Blaser, Elsa Nunez, Reginald Odom and others | NYU 003238-3239 Odom Dep. Ex. 2 | | |
| H | March 4, 2010 letter from Dr. Fred Valentine to Dr. Doris Tse | NYU 003229 Tse Dep. Ex. 2 | | |

Doris Tse, PhD. v. New York University, 10-CV-7207 (DAB)
DEFENDANT'S PROPOSED TRIAL EXHIBITS

| Defendant's Exhibit | Description | Bates No. / Dep. Exhibit No. | Plaintiff's Objection(s) | Defendant's Response |
|---|---|---|---|---|
| I | March 25, 2010 letter from Dr. Martin Blaser to Dr. Doris Tse | NYU 001929 | | |
| J | April 16, 2010 and May 3, 2010 emails between Dr. Doris Tse, Reginald Odom and others | Blaser Dep. Ex. 9 Odom Dep. Ex. 4 | | |
| K | May 12, 2010 emails between Dr. Doris Tse and Reginald Odom | NYU 003911 Odom Dep. Ex. 8 | | |
| L | May 13-14, 2010 emails and letter between Dr. Doris Tse and Reginald Odom | Odom Dep. Ex. 5 | | |
| M | May 13, 2010 letter from Dr. Doris Tse to Dr. Martin Blaser | NYU 003909 Blaser Dep. Ex. 10 | | |
| N | September 20, 2010 email from Margaret Meagher to Norma Potenzo | NYU_THIRDPARTY 000635 | | |
| O | January 4, 2011 letter from Dr. Martin Blaser to Dr. Doris Tse | NYU 003227 | | |
| P | Compilation of Letters from Dr. Martin Blaser regarding non-renewal of appointments | NYU 003693-3710 | Irrelevant under Fed. R. Evid. 401. Blaser's letters were addressed to Clinical Faculty or non-professional staff. | Relevant to show NYU's policy and practice to not renew appointments of non-tenured faculty who do not meet minimum funding. Dr. Tse's argument goes to weight not |
| Q | NYU Langone Policy on Performance Expectations for Research Faculty | NYU 003082-3098 Tse Dep. Ex. 12 | | |
| R | Invoice from Dr. Doris Tse to Dr. William Rom | Tse Dep. Ex. 11 | | |